# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 3, 2008

Charles R. Fulbruge III
Clerk

No. 07-10802
Summary Calendar

BERNARD DOLENZ

Plaintiff-Appellant

v.

MEGAN J FAHEY; LANETTE CARDINALE; EVERREADY SERVICES; UNITED STATES OF AMERICA

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-477

Before WEINER, STEWERT, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Bernard J. Dolenz has applied for leave to proceed in forma pauperis (IFP) in this appeal from the dismissal as res judicata of his claims against the United States for wrongful attachment and conversion. Dolenz's IFP motion is construed as challenging the district court's decision decertifying Dolenz's IFP status. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). "Under 28 U.S.C. § 1915(a), a federal court may refuse to certify an appeal for in forma

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pauperis status if it is not taken in good faith." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." Id. at 220 (quotation marks omitted). Although Dolenz is pro se, we have not construed his arguments liberally due to his former status as a licensed attorney. See United States v. Dolenz, 2007 WL 2781878 at *2 (5th Cir. Sept. 24, 2007) (unpublished) (citing United States v. Dolenz, 2000 WL 1239090 at *1 n.2 (5th Cir. Aug. 4, 2000) (unpublished)), cert. dismissed, 128 S. Ct. 1302 (2008).

Dolenz does not contend in his brief that the district court erred in determining that his claims are res judicata. Accordingly, he has waived any issue that might have been raised with respect to this determination. See Grant v. Cuellar, 59 F.3d 523, 524-25 (5th Cir. 1995); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Arguments in Dolenz's brief related to the merits of his wrongful attachment and conversion claims have not been considered.

This case was removed to the federal district court and the United States was substituted as party defendant in the place and stead of the original defendants, Assistant United States Attorney Megan Fahey and Deputy United States Marshal Lanette Cardinale, pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the Westfall Act), 28 U.S.C. § 2679. The United States Attorney certified that Fahey and Cardinale had acted within the scope of their employment as federal employees. See § 2679(d)(2). Dolenz contends that the district court erred in upholding the Attorney General's certification without a hearing. He also claims that removal of the case to the district court was improper because the district court did not have original jurisdiction and thus erred in refusing to remand the case to the state court. These contentions are without merit.

Under the Westfall Act, federal employees have absolute immunity from suit for common-law tort claims related to acts undertaken within the scope of

their federal employment. § 2679(b)(1). When a federal employee is sued in state court for wrongful or negligent acts, the Attorney General may certify that the "employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." § 2679(d)(2). Upon such certification, the action "shall be removed" to the United States District Court and "shall be deemed to be an action or proceeding brought against the United States." Id. The United States is then substituted as the party defendant. Id. The Attorney General's certification establishes conclusively the scope of the federal official's employment for purposes of removal. Id.; see also Osborn v. Haley, 549 U.S. 225, ___, 127 S. Ct. 881, 887-88 (2007).

The Attorney General's certification is subject to judicial review in federal court, see Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 420, 425 (1995), and the district court is not precluded from "resubstituting the federal official as defendant for purposes of trial if the court determines, postremoval, that the Attorney General's scope-of-employment certificate was incorrect." Osborn, 127 S. Ct. at 894 (emphasis in original). In this case, however, the district court dismissed the instant case prior to conducting such review. Therefore, contrary to Dolenz's argument, the district court never determined whether Fahey and Cardinale had acted within the scope of their employment.

Under 28 U.S.C. § 1346(b)(1), the federal district courts:

have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Under the Westfall Act, "[t]he remedy against the United States provided by [§] 1346(b) . . . is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim." § 2679(b)(1).

Citing § 2679(b)(2), Dolenz argues that Fahey and Cardinale did not have immunity under the Westfall Act because they violated his constitutional rights to due process and against unreasonable searches and seizures. Dolenz did not assert constitutional claims in his state court petition and therefore they are not properly before us on appeal. Cf. Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999) (issues not raised before district court may not be raised for the first time on appeal). Moreover, the district court had not yet considered whether Fahey and Cardinale were entitled to Westfall Act immunity at the time it determined that Dolenz's claims were res judicata.

Dollenz's claim that Congress's adoption of the Westfall Act constitutes an unconstitutional delegation of powers to the executive branch has not been adequately briefed, so we need not consider it. See Grant, 59 F.3d at 524-25.

Next, Dolenz contends that the Westfall Act deprives him of his right to trial by jury. He also argues that the district court violated his right to a jury trial with respect to the scope of Fahey's and Cardinale's employment by dismissing his federal claims and in remanding the claims against Eveready to the state courts. "The Seventh Amendment . . . right to jury trial in suits at common law . . . does not apply to proceedings against the sovereign. . . . Thus, at the time the district court reviews the Attorney General's certification, the plaintiff has no right to a jury trial." Osborn, 127 S. Ct. at 900 (citation omitted). Remand of the state claims against Eveready did not prevent Dolenz from receiving a jury trial as to his claims against that non-federal defendant.

Then, Dolenz turns to the Nobility Clause, arguing that it is violated by the grant of immunity to individual federal employees under the Westfall Act. The extension of immunity to federal officials acting in the scope of their duties does not involve a grant of a title of nobility. See U.S. CONST., art. I, § 9, cl. 8.

Finally, Dolenz urges us to find that the district court erred in failing to grant his motion for summary judgment, which was predicated upon the failure of Fahey and Cardinale to answer the petition and to respond to his requests for

admissions.  Under the Westfall Act, the United States was substituted as party defendant for Fahey and Cardinale.  § 2679(d)(1).  No answer was due from the United States because of its pending motion to dismiss.  See FED. R. CIV. P. 12(a)(4).  Although the district court did not expressly dispose of the motion for summary judgment, the motion was rendered moot by the district court's order granting the motion to dismiss.

Because the appeal does not present legal points arguable on their merits, the request for leave to proceed IFP on appeal is DENIED.  See Howard, 707 F.2d at 220.  Because Dolenz has not shown that he will present a nonfrivolous issue, the appeal is DISMISSED.  See 5TH CIR. R. 42.2; Baugh, 117 F.3d at 202 n.24.